IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 8:17-1158 |
| v. | |
| KEITH DARRELL LONG | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 10th day of January, 2019 between the United States of America, as represented by United States Attorney SHERRI A. LYDON, Assistant United States Attorney Max Cauthen; the Defendant, KEITH DARRELL LONG, and Defendant's attorney, Erica Soderdahl.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Counts one and two of the Indictment now pending, which charges; in Count One Felon in possession of a firearm, a violation of 18 U.S.C. § 922(g); and Count Two charges possession with intent to distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine.

In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1

A. The defendant has been convicted in a court of a crime punishable by imprisonment for a term exceeding one year;
B. After this conviction the defendant knowingly possessed the firearm described in the indictment; and
C. The possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce at some point during its existence.

The penalty for this offense is:

Imprisonment for not more than 10 years and/or;

A Fine of $250,000.00, and Supervised Release up to 3 years, and

A Special Assessment of $100.00

**If defendant has at least 3 prior convictions for a violent felony or serious drug offense:**
18 U.S.C. 924(e) - a mandatory minimum term of imprisonment of 15 years and a maximum of imprisonment of Life, a fine of $250,000 and a term of supervised release of not more than 5 years, plus a special assessment of $100.00.

## Count 2

A. The defendant knowingly and intentionally possessed the controlled substance described in the indictment;
B. At the time of such possession, the defendant knew that the substance possessed was a controlled substance; and
C. The defendant possessed the controlled substance with the intent to distribute.

The penalty for this offense is:

21 USC 841(a)(1). (b)(1)(C) in a case involving less than 5 grams of methamphetamine or 50 grams or less of a mixture or substance that contains methamphetamine and one or more prior felony drug convictions - a maximum term of imprisonment of 30 years, no probation, no parole, a fine of $2,000,000 and a term of supervised release of at least six (6) years in addition to any term of imprisonment, plus a special assessment of $100.

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A.    Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he/she is convicted. This special assessment must be paid at or before the time of the guilty plea hearing or during participation in the Bureau of Prisons inmate financial repayment program if this plea results in incarceration.

    B.    Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims.

    C.    Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his/her plea of guilty to the offense(s) enumerated herein.

### Cooperation and Forfeiture

4. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all

criminal activities about which he/she has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

   A.   the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

   B.   all additional charges known to the Government may be filed in the appropriate district;

   C.   the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

   D.   the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

5. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his/her refusal to take or his/her failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

6. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the United States Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

   A. known to the Government prior to the date of this Agreement;
   B. concerning the existence of prior convictions and sentences;
   C. in a prosecution for perjury or giving a false statement;
   D. in the event the Defendant breaches any of the terms of the Plea Agreement; or
   E. used to rebut any evidence or arguments offered by or on behalf of the Defendant (including arguments made or issues raised *sua sponte* by the District Court) at any stage of the criminal prosecution (including bail, trial, and sentencing).

7. Provided the Defendant cooperates and otherwise complies with all the conditions of this Plea Agreement, the United States agrees to move to dismiss the remaining count of the Indictment at sentencing. **The Defendant understands that the dismissal of the remaining count would be in lieu of a motion for downward departure pursuant to Section 5K1.1 of the U.S.S.G.** The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

8. The Defendant stipulates and agrees that he has at least TWO prior felony drug conviction(s) that have become final and that the Attorneys for the Government have filed an Information pursuant to 21 U.S.C. § 851 which subjects him to enhanced penalties. The Defendant further stipulates and agrees that this paragraph and the Information that has been filed pursuant thereto fulfills the requirements of § 851, including service, and

constitutes adequate and sufficient notice of a prior felony drug conviction for purposes of that statute. The Defendant agrees to not contest the Information that has been filed pursuant to 21 U.S.C. § 851 in accordance with this paragraph.

9. The Defendant agrees to voluntarily abandon all right, title, interest and claim in the firearm(s) and ammunition seized from him, to wit:

    A Smith and Wesson .38 caliber revolver, model 642-2, s/n DJC9112.

10. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his/her attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his/her attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his/her own behalf, or to remain silent and have no adverse inferences drawn from his/her silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

11. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the

Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

12. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

1-10-19
Date

KEITH DARRELL LONG,
Defendant

1-10-19
Date

Erica Soderdahl, Esquire
Defense Attorney

SHERRI A. LYDON
UNITED STATES ATTORNEY

1-10-19
Date

Max B. Cauthen, III
Assistant U.S. Attorney
D.C. No. 6732
Greenville, SC 29601

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement.</u>

| ACCOUNT INFORMATION | |
|---|---|
| **CRIM. ACTION NO.:** | 8:17-1158 |
| **DEFENDANT'S NAME:** | KEITH DARRELL LONG |
| **PAY THIS AMOUNT:** | $200.00 ($100 per count) |
| **PAYMENT DUE ON OR BEFORE:** | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**
Clement F. Haynsworth Federal Building & U. S. Courthouse
300 East Washington Street
Greenville, South Carolina 29601
OR HAND DELIVERED TO:

**Clerk's Office**
Clement F. Haynsworth Federal Building & U. S. Courthouse
300 East Washington Street
Greenville, South Carolina 29601
(Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER* **(*Do Not send cash*)**

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*